IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFFICE CREATE CORPORATION, <br><br> Petitioner, <br><br> v. <br><br> PLANET ENTERTAINMENT, LLC and STEVE GROSSMAN, <br><br> Respondents. | Case No. 22-cv-8848-ER-KHP |

### PETITIONER OC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO GROSSMAN'S EXEMPTION CLAIM

Petitioner OC, through its undersigned counsel, respectfully submits this memorandum of law in support of its motion, pursuant to CPLR §§ 5240 and 5222-a(d), objecting to the Exemption Claim Form of Steve Grossman ("Grossman"), signed on December 1, 2023 and bearing a post mark date of December 5, 2023 (the "Grossman Exemption Claim") (attached as Exhibit A to the affirmation of Megan C. Labgold, dated December 12, 2023 (the "Labgold Aff.").

Petitioner has restrained several Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") accounts in which Grossman has an interest. Grossman claims that such accounts are exempt because they contain funds that are "payments from pensions and retirement accounts." (Labgold Aff. at ¶ 2 and Ex. A). As explained below, however, the restrained accounts include funds that are not exempt under CPLR § 5205(c)(5), and as such, the Grossman Exemption Claim should be rejected.

1

## STATEMENT OF FACTS

### A.  The Judgment

On April 6, 2021, OC initiated arbitration against Planet Entertainment LLC ("Planet") and Grossman (collectively, "Respondents"). (Labgold Aff. at ¶ 4). The arbitral tribunal duly issued a final arbitration award on October 3, 2022 ("Award"), unanimously finding Respondents joint and severally liable, ordering certain injunctive relief and awarding OC monetary damages plus interest and costs. *Id*.

On September 11, 2023, this Court granted OC's petition to confirm the Award, denied Respondents' cross petition to vacate the Award (ECF No. 49) and ordered entry of judgment in favor of OC pursuant to the Award. (ECF Nos. 49 and 50). The Award provides that Respondents are liable to OC for the principal sum of $23,272,374.43 with interest of 9% per annum from October 4, 2022 until such time as all amounts due are satisfied. (ECF No. 4-1).

### B.  The Information Subpoena and Restraining Notice

Pursuant to CPLR § 5222, on October 3, 2023, Petitioner served an information subpoena and restraining notice on Merrill advising, *inter alia*, that Merrill was in possession or in custody of property in which the judgment debtor has an interest, including, but not limited to any and all bank accounts, deposits, depository accounts, or safe deposit boxes, and was forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or otherwise dispose of any such debt, except as therein provided ("Merrill Restraining Notice"). (Labgold Aff. at ¶ 6).

Pursuant to Article 52 of the CPLR, on October 5, 2023, Petitioner served Grossman the Merrill Restraining Notice by First Class Mail. (*Id*. at ¶ 7).

In response to the Merrill Restraining Notice, on October 17, 2023, Merrill provided, *inter alia*, account statements for accounts ending in "1157", "1187", "5065", "5066", "5067", "5068" and "5078" ("Merrill Accounts"). (*Id*. at ¶ 8).

The statements indicate the following:

| Table I | | | | |
| --- | --- | --- | --- | --- |
| Last four digits of Account | Opening Date | Opening Balance | Last Statement Date | Balance As Of Statement Date |
| 1157 | 08/28/2021 | $425,000.00 | 03/31/2023 | $0.04 |
| 1187 | 08/28/2021 | $125,000.13 | 06/30/2022 | $0.00 |
| 5065 | 07/31/2021 | $437,226.13 | 09/29/2023 | $301,976.99 |
| 5066 | 08/28/2021 | $549,667.16 | 09/29/2023 | $39,446.08 |
| 5067 | 08/28/2021 | $87,426.80 | 09/29/2023 | $74,759.01 |
| 5068 | 08/28/2021 | $68,000.00 | 09/29/2023 | $59,161.48 |
| 5078 | 04/30/2022 | $810,000.00 | 09/29/2023 | $1,441,875.71 |
| Total | | | | $1,887,219.31 |

(*Id*. at ¶ 9). The statements indicate that the accounts ending in "1157" and "1158" are designated as "CMA" – "Cash Management Accounts" ("Merrill CMA Accounts"). (*Id*. at ¶ 10).

The statements also indicate that the accounts ending in "5065", "5066", "5067", "5068" and "5078" are designated as "RCMA" – "Retirement Cash Management Accounts" ("Merrill RCMA Accounts"). (*Id*. at ¶ 11). Merrill's service documents explain that "[t]he RCMA Service is offered only to qualified plans under Internal Revenue Code ("IRC") Section 401(a) with a related trust, which qualifies under IRC Section 501(a)." (*Id*. at ¶ 11 and Ex. C).

It was not until December 8, 2023, that Petitioner received an "Exemption Claim Form" (that was signed on December 1, 2023) from Mr. Grossman, claiming that the Merrill Accounts were exempt as "*payments from pensions and retirement accounts*" and attaching statements for four of the seven accounts ending in "5065", "5066" "5067", "5078". (*Id*. at ¶ 12).

The November 30, 2023 statements provided by Grossman with the executed Exemption Claim Form[1] indicate the following:

| Table II | | |
|---|---|---|
| Last four digits of Account | Last Statement Date | Current Balance |
| 5065 | 11/30/2023 | $319,503.74 |
| 5066 | 11/30/2023 | $41,769.11 |
| 5067 | 11/30/2023 | $77,038.25 |
| 5078 | 11/30/2023 | $1,528,153.03 |

(*Id*. at ¶ 13). The balance in each account has increased from the prior statement. Accordingly, the total value of the seven Merrill Accounts is at least $2,025,625.65.[2] (*Id*. at ¶ 14).

## ARGUMENT

### A.    Petitioner Properly Restrained the Merrill Accounts[3]

Grossman's claim that the Merrill Accounts are exempt from execution is without merit. Pursuant to CPLR § 5205(c)(5), "[a]dditions to [a retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended] shall not be exempt from application to the satisfaction of a money judgment if (i) made after the date that is ninety days before the interposition of the claim on which such judgment was entered, or (ii) deemed to be voidable transactions under article ten of the debtor and creditor law." *See also Renasant Bank v. Gom Builders, LLC*, 2016 N.Y. Slip Op. 32229

---

[1]   Grossman did not provide statements for three of the seven Merrill accounts (1157, 1187, and 5068).

[2]   $0.04 + $319,503.74 + $41,769.11 + $77,038.25 + $59,161.48 + $1,528,153.03 = $2,025,625.65.

[3]   The envelope containing the Grossman Exemption Claim Forms is postmarked December 5, 2023. (Labgold Aff., Ex. B.) Because this motion was brought within eight days of December 5, 2023, it is timely. CPLR § 5222-a(d).

(N.Y. Sup. Ct. 2016) ("CPLR 5025(c)(5), which creates a 'lookback' period for additions made to IRA funds at any time subsequent to 90 days prior to the interposition of the judgment creditor's claim; those additions are excepted from the IRA exemption, and may be levied upon. Accordingly, subject to those exemptions, the Bank has the right to execute or levy upon the subject IRAs and, hence, has a right to restrain them for the purpose of effectuating an execution or levy.").

According to Merrill's service document, each of the five Merrill RCMA Accounts is a retirement account qualified under section 401 of United States Internal Revenue Code. (Labgold Aff. At ¶ 11). Accordingly, CPLR § 5205(c)(5) is applicable.

The current enforcement is based on the underlying arbitration, which commenced on April 6, 2021, therefore, the CPLR § 5205(c)(5) look-back period began on January 6, 2021. Each of the Merrill RCMA Accounts was opened after January 6, 2021 (see Table I), and therefore the funds in each of these accounts *are not exempt*. Accordingly, Petitioner is entitled to restrain and ultimately execute and levy upon the Merrill RCMA Accounts.

The two Merrill CMA Accounts are not "retirement" accounts. Merrill's website indicates that CMA accounts are merely brokerage accounts with a check writing option:

> With the Cash Management Account® (CMA® account) from Merrill, you can manage your long-term investments and day-to-day finances. Take care of everyday transactions with check writing, a Visa® deferred debit card and Bill Pay services, while helping to keep your long-term investments on track with access to a broad range of investment products and services — all in a single account.[4]

---

[4] *See* https://www.ml.com/solutions/cma-account.html

Furthermore, the CMA accounts do not appear to receive "payments from pensions and retirement accounts" as indicated in the Grossman Exemption Claim and therefore are not exempt.

Additionally, under CPLR § 5205 (c)(5), "[a]dditions to [a retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended] shall not be exempt from application to the satisfaction of a money judgment if … (ii) deemed to be voidable transactions under article ten of the debtor and creditor law."

Section 276 of the Debtor and Creditor Law provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Courts have held that "actual intent" can be shown by "a demonstration of the 'badges of fraud' which give rise to an inference of intent". *Gard Entm't, Inc. v. Block*, 2012 N.Y. Slip Op. 32220 (N.Y. Sup. Ct. 2012). "Among the circumstances constituting 'badges of fraud' are: 'a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance' (*Wall St. Assocs.*, 257 AD2d at 529) and timing of the transfer." *Id*.

Here, there are several badges of fraud that support the conclusion that the transfers of funds into the Merrill Accounts were made with intent to hinder, delay, or defraud Respondents' creditors. *First*, Grossman only opened six of the Merrill Accounts in July-August 2021 (3-4 months after Petitioner initiated the arbitration against Respondents) and the seventh in April

2022 (1 month before the final hearing in the arbitration). (Labgold Aff. at ¶ 15). *Second,* the account holder name of each of the Merrill RCMA Accounts is shown as "Defender Care DBA E-Partners LLC" – entities owned and controlled by Grossman. (*Id*. at ¶ 16 and Ex. D). *Third*, the transfers into the accounts were remarkably large. For example, the opening statement for the "5078" account shows a value of $810,000.00. (See Table I). Thus, the timing of the transfers, the close relationship between the parties to the transfers, Grossman's retention of control over the funds after the transfers, and questionable transfers not in the usual course of business support the conclusion that the transfers of funds to the Merrill Accounts were made with the intent to hinder, delay, or defraud Respondents' creditors. Accordingly, the funds in the Merrill Accounts are not exempt.

## CONCLUSION

For the foregoing reasons, OC respectfully requests that the Court issue an Order:

1. rejecting as void and deficient the Grossman Exemption Claim;

2. declaring that the Merrill Accounts bearing account numbers ending in "1157", "1187", "5065", "5066", "5067", "5068" and "5078" are not exempt from application to the satisfaction of this Court's September 11, 2023 Judgment;

3. directing the release of funds in the Merrill Accounts to Petitioner in partial satisfaction of this Court's September 11, 2023 Judgment; and

4. granting such other and further relief as this Court may deem just and proper.

Dated: December 12, 2023                LAW OFFICES OF MARC R. LABGOLD, P.C

                                        By: /s/ Patrick J. Hoeffner
                                            Patrick J. Hoeffner
                                            New York Bar No. 2801462

SDNY Bar No. PH2821
phoeffner@labgoldlaw.com
Marc R. Labgold
 (*pro hac vice*)
D.C. Bar No. 474969
mlabgold@LABGOLDLAW.com
Megan C. Labgold
 (*pro hac vice*)
Florida Bar No. 1018612
megan@labgoldlaw.com
1900 Reston Metro Plaza, Suite 600
Reston, VA 20190
Telephone: (703) 901-8860
Facsimile: (877) 401-8855

*Attorneys for Petitioner Office Create Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2023, a copy of PETITIONER OC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO GROSSMAN'S EXEMPTION CLAIM was served upon:

- all parties and counsel of record via the Court's CM/ECF system;
- Merrill Lynch, Pierce, Fenner & Smith Incorporated at One Bryant Park, New York, NY 10036 via First Class Mail (with a courtesy copy to Merrill's counsel at McGuire Woods LLP via email to Anastasia Cordova ACordova@mcguirewoods.com); and
- the Judgment Debtor at 5381 Congress Street, Fairfield, CT 06824 via First Class Mail.

Date: December 12, 2023

*/s/ Megan C. Labgold*
Megan C. Labgold