IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFFICE CREATE CORPORATION, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) |
| PLANET ENTERTAINMENT, LLC and STEVE GROSSMAN, | ) ) ) ) | Case No. 22-cv-8848-ER-KHP |
| Respondents, | ) ) |

**MERRILL LYNCH, PIERCE, FENNER AND SMITH INCORPORATED'S RESPONSE TO PETITIONER'S OBJECTION TO GROSSMAN'S EXEMPTION CLAIM**

Non-Party Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"), by counsel, submits the following response to Petitioner Office Create Corporation's ("Petitioner") Objection to Respondent Steve Grossman's ("Grossman") Exemption Claim:

1. On or about October 3, 2023, Merrill was served with the Information Subpoena and Restraining Notice ("Notice") in this action.

2. On October 17, 2023, Merrill timely served its response to the Notice on Petitioner via Petitioner's counsel ("Response"). *See* Affirmation of Anastasia P. Cordova ("Cordova Aff."), Ex. A.

3. In its Response, Merrill identified seven accounts (collectively, the "Accounts") affiliated with Mr. Grossman:

   a. Retirement Cash Management Account ("RCMA") ending in -5065 titled Defender Care DBA E-Partners LLC Defined Benefit Plan U/A 01/01/2019, with an approximate total value of $333,448 as of January 3, 2024. This account is comprised of cash and securities that are subject to market fluctuation.

1

b. RCMA ending in -5066 titled Defender Care DBA E-Partners LLC Retirement Plan U/A 01/01/2019, with an approximate total value of $43,712 as of January 3, 2024. This account is comprised of cash and securities that are subject to market fluctuation.

c. RCMA ending in -5067 titled Defender Care DBA E-Partners LLC Defined Benefit Plan U/A 01/01/2019, with an approximate total value of $79,547 as of January 3, 2024. This account is comprised of cash and securities that are subject to market fluctuation.

d. RCMA ending in -5068 titled Defender Care DBA E-Partners LLC Retirement Plan U/A 01/01/2019, with an approximate total value of $65,939 as of January 3, 2024. This account is comprised of cash and securities that are subject to market fluctuation.

e. RCMA ending in -5078 titled Defender Care DBA E-Partners LLC Defined Benefit Plan U/A 01/01/2019, with an approximate total value of $1,574,228 as of January 3, 2024. This account is comprised of cash and securities that are subject to market fluctuation.

f. Cash Management Account ("CMA") ending in -1187 titled Steven Grossman and Dawna Maher-Grossman JTWROS, with a total value of $0. This account was closed on June 14, 2022.

g. CMA ending in -1857 titled Steven Grossman and Dawna Maher-Grossman JTWROS, with a total value of $0.

h. The accounts ending in -5065, -5066, -5067, -5068, and -5078 are collectively referred to as the "RCMAs."

4.      As set forth in its Response, Merrill serves only as the neutral custodian of the Accounts, and notably, Merrill is not the plan administrator of the RCMAs. This means that Merrill does not control the funds or cannot turn over funds in the RCMAs without direction from the plan administrator or a court order directing the plan administrator and Merrill to turn over the funds. Here, Dan Shweiger from Ironclad Pensions is the third-party plan administrator of the RCMAs.

5.      Based on the information available to Merrill, it is unknown whether there are other plan participants in the RCMAs other than Mr. Grossman, which may prevent those assets from being turned over or otherwise attachable by a creditor. Merrill, in the role of neutral custodian, does not have information regarding the names or ownership interests of the plan participants in the RCMA—only the plan administrator, i.e., Mr. Shweiger, has that information.

6.      Based on the information available to Merrill, the RCMAs also may be tax-qualified retirement plans/trusts pursuant to section 401 of the Internal Revenue Code of 1986 and therefore not subject to Plaintiff's claims. However, based on the limited information available to Merrill, it cannot confirm the status of the RCMAs—only the plan administrator, i.e., Mr. Shweiger, can do so.

7.      Likewise, Merrill cannot turn over retirement funds it does not control, which are instead controlled by the plan administrator. *See, e.g.*, *United States v. Cullenward*, No. 2:14-MC-22-JAM KJN, 2014 WL 4361553, at *1 (E.D. Cal. Apr. 9, 2014) (recognizing T. Rowe Price's response that it was the improper party to the garnishment "because it is not the plan administrator" of the 401(k) and providing account value and contact information of the plan administrator).

8.      Applicable federal law governing retirement accounts, specifically the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), also may apply and take the Pension Plan Accounts out of Plaintiff's reach if there are plan participants other than Mr.

Grossman. Section 206(d)(1) of ERISA states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The U.S. Supreme Court precedent is clear on ERISA's effect of covered plans: "ERISA erects a general bar to the garnishment of pension benefits from plans covered by the Act." *Guidry v. Sheet Metal Workers Nat. Pension Fund*, 493 U.S. 365, 371 (1990) (holding that the remedy was prohibited by Section 206(d)(1) unless an exception was applicable); *see also Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825 (1988) (noting that Section 206(d)(1) proscribes the assignment or alienation of pension plan benefits). Section 1056(d) has been interpreted by the Courts, and in Internal Revenue Service regulations promulgated in accordance therewith, to preclude "attachment, garnishment . . . or other legal or equitable process." *Travelers Ins. Cos. v. Fountain City Fed. Credit Union*, 889 F.2d 264, 266 (11th Cir. 1989); 26 C.F.R. § 1.401(a)–13.[1] The RCMAs therefore may be protected from execution under federal law. *See, e.g.*, *Boggs v. Boggs*, 520 U.S. 833, 844 (1997) (stating that any conflicting state statute is pre-empted by ERISA). If Merrill does not follow the law and wrongfully remits funds belonging to an ERISA account in response to a garnishment, it may be subject to penalties by the U.S. Department of Labor and other liability.

9.  Merrill raises the issue of whether the RCMAs are subject to garnishment under applicable law and seeks the Court's instruction, as it does not have sufficient information to determine whether other plan participants have an interest in the RCMAs, nor does it have the authority to transfer any assets absent instruction from the plan administrator or an order.

---

[1] The coordinate section of the Internal Revenue Code, 26 U.S.C. § 401(a)(13), contains similar restrictions and may apply. The section states, as a general rule, that "[a] trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated."

4

10. Merrill understands that the matter remains pending resolution before this honorable Court. Therefore, the Accounts remain restricted and Merrill stands ready and willing to accept direction from the Court on how to proceed.

11. Should the Court order Mr. Shweiger and Merrill to distribute any part of the RCMAs to Petitioner, the RCMAs are comprised, in part, of securities. Due to federal rules and regulations related to liquidation, Merrill would need the Court's direction in an order to make any liquidations. These liquidations could have tax consequences for the account holder and plan beneficiaries.

12. As a disinterested neutral stakeholder, Merrill also requests the Court's final order include language that Merrill:

i. may liquidate any securities without authorization from the account holder to the extent necessary to comply with the Court's order;

ii. is not responsible for any tax consequences associated with any Court ordered division, distribution, and/or liquidation of the RCMAs; and

iii. is not responsible for any market fluctuation to which the accounts referenced herein may be subject, or any taxes (withheld or otherwise) on the Accounts (to the extent they are attachable).

13. Merrill further requests that upon completion of any Court ordered division, distribution, and/or liquidation, Merrill shall be released from all claims and liability with or related to any such division, distribution, and/or liquidation.

WHEREFORE, Merrill respectfully requests specific orders on how to proceed with the Accounts and for such other further relief as the Court may deem just and proper.

Dated:   January 3, 2024                                        Respectfully submitted,

**MCGUIREWOODS LLP**

/s/ *Anastasia P. Cordova*_____
Anastasia P. Cordova
McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020
Telephone: 212-548-7016
Facsimile: 212-715-6292
Email: acordova@mcguirewoods.com

**ATTORNEY FOR NON-PARTY MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2024 a true and correct copy of the foregoing was served upon all parties and counsel of record via the Court's CM/ECF system and served by first class mail upon the following:

Steve Grossman
5381 Congress Street
Fairfield, CT 06824
*Respondent*

                                                */s/ Anastasia P. Cordova*
                                                Anastasia P. Cordova