UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OFFICE CREATE CORPORATION,

                   Petitioner,

        – *against* –

PLANET ENTERTAINMENT, LLC, and
STEVE GROSSMAN,

                   Respondents.

**<u>ORDER</u>**

22-cv-8848 (ER)

<u>Ramos, D.J.</u>:

    On April 16, 2024, the Court granted in part and denied in part Office Create Corporation's objection to an exemption claim submitted by Steve Grossman.  Doc. 86. Office Create has moved for reconsideration of that order.  Doc. 90.  The motion is DENIED.

## I.    BACKGROUND

    The underlying facts and procedural history are set out in the Court's previous opinions granting Office Create's petition to confirm the arbitration award, *Office Create Corp. v. Planet Ent., LLC*, No. 22 Civ. 8848 (ER), 2023 WL 5918017 (S.D.N.Y. Sept. 11, 2023); *see* Doc. 49, and granting in part and denying in part Office Create's objection to the exemption claim submitted by Grossman, *Office Create Corp. v. Planet Ent., LLC*, No. 22 Civ. 8848 (ER), 2024 WL 1638728 (S.D.N.Y. Apr. 16, 2024); *see* Doc. 86.  The relevant details are repeated below.

    Office Create obtained an award from an arbitration tribunal on October 3, 2022. *Office Create*, 2023 WL 5918017, at *1.  The total award was over $23 million, and the tribunal held Grossman and Planet Entertainment, LLC, jointly and severally liable.  *Id.*; *see also* Doc. 73.  Office Create filed a petition to confirm the arbitration award in this Court on October 17, 2022.  Doc. 1.  Grossman and Planet cross-moved to vacate the award on November 14, 2022.  Doc. 24.  On September 11, 2023, the Court granted

Office Create's petition and denied the cross-motion.  Doc. 49.  Judgment was entered the same day.  Doc. 50.[1]

Office Create then restrained several Merrill Lynch accounts in which it claimed Grossman has an interest.  Doc. 59 at 1.  On October 3, 2023, Office Create served an information subpoena and restraining notice on Merrill Lynch.  Doc. 59-1 ¶ 6.  Office Create mailed a copy of that restraining notice to Grossman as well.  *Id.* ¶ 7.  On October 17, Merrill Lynch provided account statements for seven accounts to Office Create.  *Id.* ¶¶ 8–9.  Two of the accounts were designated as "Cash Management Accounts"; the other five were designated as "Retirement Cash Management Accounts."  *Id.* ¶¶ 10–11. Grossman and his wife were named on the cash management accounts.  Doc. 67-3 at 2– 22.  The name listed on each retirement account was "Defender Care dba E-Partners LLC Defined Benefit Plan" or "Defender Care dba E-Partners LLC Retirement Plan."  *Id.* at 23–36 (capitalization omitted).  Office Create asserted that "Defender Care dba E-Partners" is owned and controlled by Grossman.  Doc. 59-1 ¶ 16; *see also* Doc. 59-5.

On December 8, Office Create received an "Exemption Claim Form" from Grossman.  Doc. 59-1 ¶ 12.  On that form, Grossman indicated that all the Merrill Lynch accounts were exempt from restraint because they contained "payments from pensions and retirement accounts."  *Id.* (emphasis omitted); *see* Doc. 59-2 at 2–3.  He attached statements for four of the retirement accounts.  Doc. 59-1 ¶ 12; *see* Doc. 59-2 at 4–24. Those statements showed that the balance in each account had increased compared to the prior statements that Office Create received from Merrill Lynch.  Doc. 59-1 ¶¶ 13–14. According to Office Create, the total value of the seven accounts is over $2 million.  *Id.* ¶ 14.

On December 12, Office Create objected to Grossman's exemption claim.  Doc. 58.  Office Create asked the Court to reject the exemption claim, declare that the Merrill

---

[1] The original judgment did not include the specific amount to which Office Create was entitled.  An amended judgment including that amount was entered on January 30, 2024.  Doc. 73.

Lynch accounts were not exempt from application to satisfaction of the Court's judgment, and direct the release of funds in the accounts to Office Create.  Doc. 59 at 7.

Grossman responded to the objection on January 3, 2024.  Doc. 65.  The same day, nonparty Merrill Lynch entered an appearance and responded to Office Create's objection as well.  Docs. 61, 62.  Merrill Lynch stated that it is merely the "neutral custodian" of the accounts.  Doc. 62 ¶ 4.  As a result, Merrill Lynch was unable to confirm whether Office Create could reach the funds in the retirement accounts, and it requested the Court's guidance on how to proceed.  *Id.* ¶¶ 5–13.  Office Create filed a reply on January 9.  Doc. 67.

One month later, on February 9, Grossman requested permission to submit an affidavit showing that the retirement plan that owns the retirement accounts has other participants in addition to Grossman and his wife.  Doc. 79.  The Court granted the request at a status conference held on February 20.  Grossman submitted a declaration and supporting exhibits on February 26.  Doc. 82.  The next day, Office Create filed a letter objecting to Grossman's submission.  Doc. 83.

The Court granted in part and denied in part Office Create's objection to the exemption claim.  *Office Create*, 2024 WL 1638728, at *7.  The Court denied the objection with respect to the retirement accounts.  *Id.* at *3–6.  As the Court explained, the principal dispute between the parties was the application of New York Civil Practice Law and Rules (CPLR) section 5205.  *Id.* at *3.  That provision exempts certain property, including funds in qualifying retirement plans, from being used to satisfy a judgment.  *Id.*  But the exemption is itself subject to an exception:  additions to qualifying assets are not exempt if "(i) made after the date that is ninety days before the interposition of the claim on which such judgment was entered, or (ii) deemed to be voidable transactions under article ten of the debtor and creditor law."  *Id.* (quoting CPLR § 5205(c)(5)).

The parties disputed whether the exception found in section 5205(c)(5) applied to the retirement accounts at issue.  *Id.* at *4.  Grossman argued that the exception did not

apply because section 5205(c) is preempted by the Employee Retirement Income
Security Act of 1974 (ERISA).  *Id.*  The Court deemed that argument conceded because
Office Create's briefs did not address it.  *Id.*  Instead, Office Create maintained that the
retirement accounts were not ERISA accounts because they covered only Grossman and
his wife.  *Id.*  And the Court rejected that argument based on documents in the record
showing that the retirement plan had additional participants.  *Id.* at *5–6.

With respect to the cash management accounts, however, the Court granted Office
Create's objection.  *Id.* at *6.  In addition, the Court offered both parties the opportunity
to request a hearing on the objection, as contemplated by CPLR section 5222-a(d).  *Id.* at
*7; *see also id.* at *2 n.2.  Office Create has moved for reconsideration of the Court's
decision with respect to the retirement accounts.  Doc. 90.  Respondents assert that Office
Create's motion is misleading and improper and that Office Create should be ordered to
pay their costs incurred in responding to the motion.  Doc. 95 at 1.[2]

## II.   LEGAL STANDARD

The standard for granting a motion for reconsideration "is strict, and
reconsideration will generally be denied unless the moving party can point to controlling
decisions or data that the court overlooked."  *Analytical Survs., Inc. v. Tonga Partners,
L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A motion for reconsideration
should be granted only when the [moving party] identifies an intervening change of
controlling law, the availability of new evidence, or the need to correct a clear error or
prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL
Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation
omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new

---

[2] Office Create also requested that the Court hold a hearing to determine the status of the funds in the
accounts.  Doc. 87.  Respondents asserted that a hearing was not necessary.  Doc. 88.  After the Court
scheduled a conference to address the request for a hearing, Doc. 89, Office Create filed its motion for
reconsideration, Doc. 90.  The parties agreed that the conference—and any hearing—should be stayed
pending the resolution of the reconsideration motion.  Doc. 91 at 8–9; Doc. 93.

theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs.*, 684 F.3d at 52 (internal quotation marks and citation omitted). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

## III.   DISCUSSION

Office Create argues that the preemption analysis in the Court's order was unnecessary because there is a threshold issue as to whether the funds were improperly transferred into the Merrill Lynch accounts in an effort to frustrate enforcement of the judgment. Doc. 91 at 1–2. In particular, Office Create says the Court overlooked its argument that "the funds were transferred from non-exempt accounts during the look-back period, thereby rendering them subject to clawback regardless of the ERISA status of the alleged retirement accounts." *Id.* at 3. According to Office Create, "[b]ecause the fraudulent transfers were made from the Respondents' corporate and personal accounts during the look-back period, the subject funds are reachable, and no consideration of ERISA's anti-alienation provisions or preemption of CPLR article 52 was necessary or warranted." *Id.* at 4.

These arguments are not persuasive and do not warrant reconsideration. In its opening brief objecting to the exemption claim, Office Create asserted that CPLR section 5205(c)(5) applied and that the retirement accounts were properly restrained. Doc. 59 at 4–5. Grossman responded that Office Create's claim was barred by ERISA. Doc. 65 at 3. His argument had two parts: first, that the retirement plan was an ERISA-qualified plan, *id.* at 5–7; and second, that section 5205(c)(5) was preempted by ERISA, *id.* at 7–14. In its reply brief, Office Create addressed only the first part of Grossman's argument, maintaining that the accounts were not ERISA-qualified plans because the sole participants were Grossman and his wife. Doc. 67 at 3–5. Office Create did not address whether section 5205(c)(5) was preempted by ERISA.

Office Create now contends that the Court did not need to decide the preemption question at all.  In Office Create's view, the Court erred by failing to address the threshold issue as to "whether the funds are rightfully held within the retirement accounts in the first instance."  Doc. 91 at 6.  "If they are not," Office Create says, "then ERISA's anti-alienation provisions are moot because the Court can adjudicate the fraudulent conveyance claim without needing to reach the ERISA preemption issue."  *Id.*

Office Create has it backward.  The threshold question is whether ERISA preempts section 5205(c)(5).  To the extent Office Create has raised a "fraudulent conveyance claim," that claim stems from the provision in section 5205(c)(5) that additions to a qualifying plan are not exempt if they are made during the lookback period or are deemed voidable transactions.  *See* CPLR § 5205(c)(5).  If section 5205(c)(5) is preempted, then it makes no difference whether the transfers were made during the lookback period or could be deemed voidable transactions—section 5205(c)(5)'s exception simply does not apply, and the funds are not available to satisfy the judgment.

As discussed above, Office Create responded to only part of Grossman's ERISA argument in the original briefing.  Office Create argued that the retirement accounts are not ERISA accounts because they cover only Grossman and his wife.  *Office Create*, 2024 WL 1638728, at *4 (citing Doc. 67 at 3–5).  The Court rejected that argument because documents submitted by Grossman clearly showed that the retirement plan has additional participants.  *Id.* at *5–6.  Office Create did not respond to Grossman's assertion that ERISA preempted section 5205(c)(5), so the Court deemed the argument conceded.  *Id.* at *4.

Office Create insists that it contested the preemption issue at the conference held on February 20, 2024.  Doc. 91 at 4.  As the Court noted in its order, Office Create cited a single case—*VFS Financing, Inc. v. Elias-Savion-Fox LLC*, 73 F. Supp. 3d 329 (S.D.N.Y. 2014)—at that conference for the proposition that section 5205(c) is not preempted by ERISA.  *Office Create*, 2024 WL 1638728, at *4 n.4.  The Court has already explained

why *VFS Financing* does not help Office Create, *see id.*, and the motion for reconsideration provides no reason for the Court to revisit that conclusion.[3]

For the first time, Office Create also relies on *Planned Consumer Marketing, Inc. v. Coats & Clark, Inc.*, 522 N.E.2d 30 (N.Y. 1988), which it says involved similar facts. Doc. 91 at 6. According to Office Create, *Planned Consumer* illustrates that the Court would not have needed to reach the preemption issue if it had initially determined that the transfers were voidable. Doc. 96 at 7. This argument is puzzling because *Planned Consumer* did, in fact, decide a preemption question. *See* 522 N.E.2d at 32 ("We conclude that ERISA does not preempt vindication of these State laws whose purpose is to inhibit the transfer of money in defraud of creditors, not to assess or regulate employee benefit plans."). Respondents, for their part, contend that *Planned Consumer* was undermined by the Supreme Court's subsequent ERISA decision in *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365 (1990). Doc. 95 at 8–9; *see also Majteles v. AVL Corp.*, 696 N.Y.S.2d 748, 751–52 (Sup. Ct. 1999) (New York trial court followed *Guidry* rather than *Planned Consumer* in holding that any proceeds "unlawfully paid to the pension fund defendants which remain within the fiduciary responsibility of the plan managers" were protected by ERISA's anti-alienation provisions). In any event, Office Create did not mention *Planned Consumer* at all in its original briefing, and the Court will not consider the argument for the first time on a motion for reconsideration. *See, e.g.*, *Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 223 (S.D.N.Y. 2022) ("In deciding a motion for reconsideration, a court need not consider previously uncited cases, which necessarily do not involve an intervening change of law.").

---

[3] Even in its motion for reconsideration, Office Create never actually explains why section 5205(c)(5) is not preempted by ERISA. Instead, it argues that preemption questions should be decided only if necessary. Doc. 91 at 5–6. But for the reasons discussed above, the preemption question raised by Grossman cannot be avoided.

**IV.     CONCLUSION**

For the foregoing reasons, Office Create's motion for reconsideration is DENIED. Office Create's request for oral argument is DENIED as moot.  Respondents' request for costs is also DENIED.  While the Court is not persuaded by Office Create's motion, it does not find that the motion "is brought in bad faith or obviously frivolous."  *Sood v. Rampersaud*, No. 12 Civ. 5486 (VB), 2013 WL 1681261, at *3 (S.D.N.Y. Apr. 17, 2013).

The parties are directed to appear for a telephonic status conference to address Office Create's request for a hearing on June 28, 2024, at 10:30 a.m.  The parties should dial 877-411-9748 and enter access code 3029857# when prompted.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 90.


It is SO ORDERED.


Dated:    June 11, 2024
             New York, New York

_____
        EDGARDO RAMOS, U.S.D.J.