UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OFFICE CREATE CORPORATION,

                Petitioner,

– *against* –

PLANET ENTERTAINMENT, LLC, and
STEVE GROSSMAN,

                Respondents.

**ORDER**

22-cv-8848 (ER)

R amos, D.J.:

On December 12, 2024, Office Create Corporation filed an objection to an exemption claim submitted by Steve Grossman. Doc. 58. The Court granted in part and denied in part the objection. *Office Create Corp. v. Planet Ent., LLC* (*Office Create I*), No. 22 Civ. 8848 (ER), 2024 WL 1638728, at *7 (S.D.N.Y. Apr. 16, 2024); *see* Doc. 86. But the Court explained that the denial was without prejudice and that Office Create could request a hearing in accordance with New York Civil Practice Law and Rules (CPLR) section 5222-a(d). *Office Create I*, 2024 WL 1638728, at *7.

Office Create requested a hearing on April 23, 2024. Doc. 87. That request was stayed after Office Create moved for reconsideration of the Court's order. Doc. 90. The Court denied the motion for reconsideration. *Office Create Corp. v. Planet Ent., LLC* (*Office Create II*), No. 22 Civ. 8848 (ER), 2024 WL 3297155, at *4 (S.D.N.Y. June 11, 2024); *see* Doc. 97.

Following that decision, the Court held a status conference on June 28, 2024, to address Office Create's request for a hearing. At the conference, the Court directed the parties to submit letters concerning Office Create's request, and they have now done so, Docs. 98, 100.

Office Create has also filed a notice of appeal from the order denying reconsideration and the underlying order denying the objection in part. Doc. 99. It is well established that "the filing

of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Morisseau v. DLA Piper*, 707 F. Supp. 2d 460, 461 (S.D.N.Y. 2010) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  At the same time, however, "the principle that the filing of a notice of appeal divests the district court of jurisdiction does not apply in the case of attempted appeals from plainly non-appealable orders." *Id.* at 462; *see also id.* (holding that postjudgment discovery order was not an appealable final judgment because "[f]urther proceedings to enforce the judgment" were "pending or obviously in view").

In the postjudgment context, the Second Circuit has explained, "a practical rather than a technical construction of finality is *especially* appropriate." *Amara v. Cigna Corp.*, 53 F.4th 241, 250 (2d Cir. 2022) (citation omitted).  Accordingly, "a district court's postjudgment order is final when it has finally disposed of [a] question, and there are no pending proceedings raising related questions." *Id.* (alteration in original) (internal quotation marks and citation omitted).  The court of appeals "defer[s] review until the district court has decided all *related* issues to prevent piecemeal appeals of interlocutory orders in ongoing postjudgment proceedings." *Id.* at 251 (internal quotation marks and citation omitted).

With these principles in mind, the Court finds it difficult to see how its previous decisions concerning Office Create's objection could be considered final, appealable orders.  The Court's original decision denied Office Create's objection in part but explained that the denial was without prejudice and that Office Create could request a hearing in accordance with CPLR section 5222-a(d). *Office Create I*, 2024 WL 1638728, at *7.  The decision denying Office Create's motion for reconsideration simply affirmed that conclusion. *Office Create II*, 2024 WL

2

3297155, at *4.  These orders did not "finally dispose[] of" Office Create's objection, *Amara*, 53 F.4th at 250, and the parties are still litigating the request for a hearing, *see* Docs. 98, 100.

Accordingly, by July 19, 2024, the parties are directed to submit a joint letter stating their positions as to what effect, if any, the filing of Office Create's notice of appeal has on this Court's jurisdiction to resolve the pending dispute about Office Create's request for a hearing.

SO ORDERED.

Dated: July 12, 2024
New York, New York

_____
Edgardo Ramos, U.S.D.J.

3